MARTIN BROS. BOX COMPANY *v.* OREM ET AL.

[No. 17,478. Filed November 26, 1946.]

*Paul V. Wycoff,* of Batesville, for appellant.

*Charles A. Lowe,* of Lawrenceburg, for appellees.

DRAPER, J.—The question in this case is whether the contract sued upon was void for uncertainty.

During 1941 and 1942 the appellees were hauling dirt for appellant on a contract basis whereby they received 30 cents per yard in truck loads, for each yard of dirt hauled and delivered to appellant's premises. The evidence most favorable to the appellees discloses that while the dirt was being hauled for various fills on appellant's premises it was verbally agreed in the course of several conversations, that the appellees would haul in enough dirt to construct a levee; approximately 30,000 yards at 30 cents per yard; the appellant to furnish the dirt.

The appellees thereafter did some preliminary work in the way of clearing out trees, debris and buildings and hauling some of the dirt, but no agreement had then ever been made with reference to when the work should be completed. The work was interrupted for a time, but at a conference between the parties in May of 1943 it was agreed that the appellees would commence the work anew and complete it by December 1, 1943.

Although nothing was ever said about reducing the agreement to writing, the appellant later tendered the appellees for their signature a written form of agreement somewhat at variance with the oral agreement of the parties. The appellees refused to sign, taking the position that they already had a contract. The appellant proceeded to have the work done by another contractor

and the court below awarded the appellees damages for breach of the contract.

The agreement, originally indefinite as to time for performance, could be made certain by a later agreement, 12 Am. Jur., § 67, p. 558, and was made certain in that regard by the agreement of the parties in May of 1943. The appellees were to haul all of the dirt necessary to complete the levee. The fact that when they made their agreement they could only approximate the required yardage, and that the appellees were to dump the dirt where specified by the appellant, does not seem to us to introduce such an element of uncertainty as to vitiate the contract.

We must agree with the appellant that mutual assent is necessary to the formation of every contract, and where there is any mistake of the contracting parties by which one of them has in mind one thing as the subject matter of the contract and the other party has in mind something entirely different, and the terms of the contract are such that it will mean either the one or the other, there is no meeting of the minds, and therefore no contract. We do not however encounter such a situation in this case if we consider only the evidence most favorable to the appellees. The evidence is highly conflicting, but on the whole satisfactorily establishes a contract sufficiently definite and certain, and one which the appellees were willing and able to perform but were prevented from so doing by the conduct of the appellant.

Judgment affirmed.

NOTE.—Reported in 69 N. E. (2d) 605.